KRISTINA S. HOLMAN
Nevada Bar No. 3742
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 614-4777
Facsimile: (702) 487-3128
Email: kholmanlaw@gmail.com
Attorney for Plaintiff,
ARNOLD BELL

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARNOLD BELL,

    Plaintiff,

vs.

STATE OF NEVADA ON RELATION OF THE BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE COLLEGE OF SOUTHERN NEVADA; and DOES I through XX, inclusive, and ROE CORPORATIONS I through XX, inclusive,

    Defendants.

Case No. 2:13-cv-01432-APG-PAL

**FIRST AMENDED COMPLAINT**
**(Jury Demanded)**

Plaintiff, ARNOLD BELL, by and through his attorney, Kristina S. Holman, complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for damages and injunctive relief under a variety of state and federal statutes prohibiting race discrimination and retaliation, and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2. Plaintiff's statutory claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, ("1991 Civil Rights Act"); and the Nevada anti-discrimination statute, N.R.S. § 613.310 *et seq.*

3. This action includes claims arising under the laws of the State of Nevada which are joined pursuant to the doctrine of supplemental jurisdiction and 28 U.S.C. § 1367(a).

///

1

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with or will be complied with as herein described:

 (a) Plaintiff submitted an initial intake questionnaire on July 30, 2012 with the United States Equal Employment Opportunity Commission (EEOC), and filed a formal "Charge of Discrimination" (EEOC Charge No. 487-2012-01059) on August 28, 2012 (copy attached as Exhibit 1), which is within 180 days and 300 days of the commission of the unlawful employment practice alleged herein.

 (b) Plaintiff received a "right-to-sue" letter from the EEOC dated May 10, 2013. Therefore, this Complaint will have been filed within 90 days of Plaintiff's receipt of the EEOC's notification of right to sue.

5. Venue is proper in the Federal District Court of Nevada pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

6. Plaintiff Arnold Bell, an African American male, during the relevant time period was a citizen of the County of Clark, State of Nevada. At all times relevant hereto, Plaintiff was first employed by STATE OF NEVADA ON RELATION OF THE BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION ON BEHALF OF THE COLLEGE OF SOUTHERN NEVADA (hereinafter "CSN" or "Defendant") in or about January 2004 as an instructor.

7. As Plaintiff's employer during the relevant time period, Defendant CSN is required to comply with all state and federal statutes which prohibit race discrimination and retaliation pursuant to state laws and 42 U.S.C. § 2000e, *et seq.*, as amended.

8. Doe Defendants I-X, inclusive, are persons whose true identities are unknown to Plaintiff at this time. Individual Doe Defendants are persons acting on behalf of or at the direction of any corporate or business Defendants or who may be officers, employees, or agents of Defendant CSN and/or a Roe Corporation and acted to deprive Plaintiff of his rights. The Roe Corporations may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisers, de facto partners, or joint venturers of Defendant CSN. Plaintiff alleges that individual Does I-X and Roe Corporation Defendants I-X may have authorized, committed, directed, and/or assisted in the

commission or ratified the commission of the unlawful discriminatory and/or tortious acts directed toward Plaintiff and thus, may be responsible in whole or in part, for his damages. Plaintiff will seek leave to amend this Complaint as soon as the true identities of Doe/Roe Defendants are revealed.

## FACTS

9. Plaintiff Mr. Bell, an African American male, was hired by CSN in or about January 2004 as an instructor. He is the only African American full-time instructor in the Department of Communication.

10. During the course of his employment, Mr. Bell was harassed, denied teaching assignments, given a negative tenure evaluation, required to provide written rubric for assignments while other instructors were not, and subjected to different terms and conditions based upon his race, including but not limited to the following statements of fact.

11. On October 14, 2005, Mr. Bell attended a meeting with Department Chair Richard Marks and James McCoy during which Mr. McCoy made a racist statement using such words regarding some of the students, which were extremely racist and derogatory toward African Americans. These racial comments were not recorded by Mr. Marks in meeting minutes.

12. On October 21, 2005, Mr. Bell complained to Department Chair Tim James about the racial comments and that he found them offensive and discriminatory.

13. In or about March 2006, Mr. Marks gave Mr. Bell an excellent performance evaluation.

14 In 2007, CSN Department of Communication elected Mr. McCoy to the position of Communication Department Chair, which made him Mr. Bell's supervisor.

15. On or about November 14, 2006, Mr. Marks gave Mr. Bell a negative evaluation.

16. On or about December 18, 2006, Mr. Marks, Mr. Thomas Brown and Mr. Carlos Campo met with Mr. Bell and provided him a "list of concerns" and "Goals to Accomplish."

17. In or about 2006, a cardiologist told Mr. Bell that his shortness of breath and chest pains were due to stress, not heart problems.

18. On or about July 1, 2007, CSN finally granted Mr. Bell tenure.

19. In late 2007, Mr. Bell requested to be assigned to teach journalism classes, but Mr. McCoy turned him down.

20. On October 19, 2007, Mr. Bell reviewed his personnel file and discovered it contained a copy of his tenure evaluation, which was filled with negative comments, including the reasons why Mr. Bell was not to be allowed to teach journalism.

21. CSN violated the Board of Regents' policy, Section 9.5 that states: "1. A faculty member will be notified when any information is placed in their permanent file." and "2. A faculty member has the right to appeal regarding information placed in their file." CSN deprived Mr. Bell of that right.

22. The Board of Regents' policy referenced in paragraph 21, above, was in effect during the time period of the discrimination and retaliation against Mr. Bell. CSN provided other faculty members who were up for tenure the opportunity to view their department chair's evaluation prior to it being placed in their personnel file while depriving Mr. Bell of his right to do the same.

23. On or about February 1, 2008, Mr. Bell's tenure evaluation was ordered sealed by Human Resources Director John Mueller, who stated that Mr. Bell would be allowed to teach journalism courses.

24. In February 2008, CSN and Mr. Bell attempted to resolve his discrimination complaint and an agreement was signed by all parties.

25. In the Fall of 2008, Mr. McCoy informed Mr. Bell that he would be limited in what journalism courses he could teach.

26. In or about February 2010, Mr. Bell sent a "letter of concern" to Dr. Darren Divine regarding removal of his tenure evaluation. Dr. Divine never responded.

27. On March 8, 2012, Mr. Bell met with Dean Wendy Weiner and Mr. McCoy regarding an unnamed student who had filed a complaint against him.

28. At the end of May 2012, Mr. Bell resigned his position as an advisor to the school newspaper.

29. On July 2, 2012, CSN informed Mr. Bell of the details of the student complaint, which was filed by a relative of Dean Weiner's and one of Mr. Bell's journalism students.

30. On July 5, 2012, James McCoy, Grade Appeal Committee Chair, informed Mr. Bell that "There was no evidence of a consistent written rubric used to evaluate the written assignments." CSN does not require faculty members to have a written rubric.

31. On August 21, 2012, Department Chair Eric Moreau informed Mr. Bell the he will no longer be allowed to teach any more journalism classes.

32. On August 28, 2012, Mr. Bell filed a Charge of Discrimination with the Equal Employment Opportunity Commission, claiming race discrimination and retaliation.

## FIRST CAUSE OF ACTION

### *Race Discrimination Under State and Federal Anti-Discrimination Statutes*

33. Plaintiff Bell repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 32 above as if fully set forth.

34. Defendant CSN was aware of the prior conduct by its employees when they unlawfully limited and then eventually prevented Mr. Bell from teaching journalism classes.

35. CSN, as an employer, knew or should have known of its long-standing obligation, pursuant to state and federal statutes, to maintain a workplace free of racial discrimination.

36. CSN failed to take reasonably adequate steps to prevent race discrimination in its workplace.

37. CSN failed to institute effective institutional policies to remedy complaints about conduct which might constitute race discrimination.

38. Therefore, Mr. Bell charges that CSN has discriminated against him based on his race, and that CSN allowed, authorized and ratified these actions.

39. Mr. Bell has also suffered serious mental distress as a result of this unlawful discrimination.

40. Mr. Bell is entitled to be fully compensated for all damages he has sustained.

41. It has been necessary for Mr. Bell to retain the services of an attorney and he should be compensated therefor.

## SECOND CAUSE OF ACTION

### *Retaliation*

42. Plaintiff Bell repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 41 above as if fully set forth.

///

43. Defendant CSN knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff Mr. Bell and CSN failed to do so.

44. Defendant CSN subjected Mr. Bell to adverse terms and conditions of employment after he reported his claims of race discrimination and retaliation, all of which constitute unlawful retaliation.

45. Defendant CSN retaliated against Mr. Bell by not allowing him to teach journalism classes and creating a hostile work environment that resulted from its retaliatory actions against him.

46. In addition, Defendant CSN failed to take immediate corrective action when it learned that Mr. Bell had suffered acts of retaliation by employees of Defendant CSN.

47. Mr. Bell has also suffered serious mental distress as a result of this unlawful discrimination.

48. Mr. Bell is entitled to be fully compensated for all damages he has sustained.

49. It has been necessary for Mr. Bell to retain the services of an attorney and he should be compensated therefor.

### THIRD CAUSE OF ACTION

*Injunctive Relief*

50. Plaintiff Mr. Bell repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 49 above as if fully set forth.

51. That pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Plaintiff Mr. Bell seeks injunctive relief requiring that Defendant CSN correct its past discriminatory practices; and take appropriate steps to ensure that all employees are afforded a workplace free of unlawful race discrimination and retaliation.

52. Mr. Bell seeks injunctive relief from this Court requiring Defendant CSN to take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and/or retaliation and institute effective educational and prevention programs to prevent or remedy conduct which might constitute discrimination based on race; and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of race discrimination and retaliation against Mr. Bell.

53. The above-described acts of Defendant CSN are wanton, willful, malicious and done with a conscious disregard for Mr. Bell's federally protected rights. He has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

54. Mr. Bell has also suffered serious mental distress as a result of this unlawful discrimination.

55. Mr. Bell is entitled to be fully compensated for all damages he has sustained.

56. It has been necessary for Mr. Bell to retain the services of an attorney and he should be compensated therefor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arnold Bell, respectfully prays as follows:

1. A trial by jury on all issues;
2. All employment-related losses subject to proof;
3. All compensatory, special and general damages allowed by law;
4. Punitive damages in an amount found by the jury to be sufficient to punish and/or deter Defendants and all others from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct;
5. Attorneys' fees and costs of suit incurred herein;
6. Prejudgment interest;
7. Injunctive relief as appropriate; and
8. Such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 14th day of October, 2013.

By: /s/ Kristina S. Holman
KRISTINA S. HOLMAN
Nevada Bar No. 3742
703 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 614-4777
Facsimile: (702) 487-3128
Email: kholmanlaw@gmail.com
Attorney for Plaintiff,
ARNOLD BELL